**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**INGRID COULON,**

    Plaintiff,

v.                                                                    Case No:

**LVNV FUNDING LLC,**

    Defendant.                                         **DEMAND FOR JURY TRIAL**
_____/

**PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **INGRID COULON** ("Ms. Coulon" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **LVNV Funding** ("Debt Collector" or "Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in misrepresenting that Ms. Coulon owed the alleged Debt when Defendant knew that Ms. Coulon did not owe the alleged Debt because Ms. Coulon notified Defendant in writing that she had not opened the subject account, and yet Defendant continued to report the alleged Debt as owed by Ms. Coulon after Ms. Coulon notified Defendant that the alleged Debt was not hers, which can all reasonably be expected to harass Ms. Coulon.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Coulon v. LVNV Funding LLC and Capital One, N.A.*
Page **1** of **9**

## *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the FDCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

4. Plaintiff, Ms. Coulon was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. Further, Ms. Coulon is an "alleged debtor" within the meaning of Fla. Stat. § 559.55.

6. At all times material hereto, Debt Collector was and is a corporation with its principle place of business in the State of NV and its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

7. Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a (6).

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Coulon v. LVNV Funding LLC and Capital One, N.A.*
Page **2** of **9**

### *Statements of Fact*

8. In or around June of 2017, Ms. Coulon reviewed her credit report and was surprised to see that reporting Debt Collector was reporting a Capital One account in Ms. Coulon's name to the credit reporting bureaus ("Account").

9. Ms. Coulon had never opened or been associated with a Capital One account.

10. Debt Collector reported the Account as seriously delinquent and alleged that there was an outstanding balance owed thereunder ("Debt").

11. On or around September 19, 2019, Ms. Coulon disputed the alleged Debt in writing with Debt Collector and the credit reporting agencies, and notified them all that she did not owe the alleged Debt ("Dispute Letter").  *See* **Composite Exhibit A.**

12. Despite Ms. Coulon's notification that she did not owe the alleged Debt, Debt Collector continued to negatively report the alleged Debt to the credit reporting agencies.

13. All of Debt Collector's inaccurate credit reporting to the credit reporting agencies was in connection with collection of the Debt.

14. Debt Collector's continued inaccurate credit reporting after Ms. Coulon informed Debt Collector that she did not owe the Debt implied that Debt Collector believed Ms. Coulon owed the alleged balance that Debt Collector was seeking to collect.

15. Debt Collector's continued inaccurate credit reporting shows that Debt Collector willfully reported inaccurate information regarding the Debt when Debt Collector knew Ms. Coulon would suffer harm as a direct and proximate result.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Coulon v. LVNV Funding LLC and Capital One, N.A.*
Page **3** of **9**

## *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*
### *(as against Debt Collector)*

16. Ms. Coulon re-alleges paragraphs 1-15 and incorporates the same herein by reference.

17. Ms. Coulon is a "consumer" within the meaning of the FDCPA.

18. The subject debt is a "consumer debt" within the meaning of the FDCPA.

19. Debt Collector is a "debt collector" within the meaning of the FDCPA.

20. Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

   a. Debt Collector violated 15 U.S.C. § 1692c (b) by communicating inaccurate information in regards to the alleged Debt to the credit reporting bureaus.

   b. Debt Collector violated 15 U.S.C. § 1692e(2) by misrepresenting that the alleged Debt was owed by Ms. Coulon when Debt Collector knew the alleged Debt did not even belong to Ms. Coulon in the first place upon receipt of Ms. Coulon's Dispute Letter.

   c. Debt Collector violated 15 U.S.C. § 1692e(8) by communicating false information to the credit bureaus in regards to the actual Debt amount when Debt Collector knew the alleged Debt did not even belong to Ms. Coulon upon receipt of Ms. Coulon's Dispute Letter.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Coulon v. LVNV Funding LLC and Capital One, N.A.*
Page **4** of **9**

21.     As a result of the above violations of the FDCPA, Ms. Coulon has been subjected to illegal collection activities for which she has been damaged.

22.     Debt Collector's actions have damaged Ms. Coulon by causing her lost opportunity to receive credit and increased cost for credit.

23.     Debt Collector's actions have damaged Ms. Coulon by invading her privacy.

24.     Debt Collector's actions have damaged Ms. Coulon by causing her embarrassment.

25.     Debt Collector's actions have damaged Ms. Coulon by causing her stress.

26.     Debt Collector's actions have damaged Ms. Coulon by causing her aggravation.

27.     Debt Collector's actions have damaged Ms. Coulon by harming her reputation.

28.     Debt Collector's actions have damaged Ms. Coulon by causing her emotional distress.

29.     Debt Collector's actions have damaged Ms. Coulon by causing her to lose sleep.

30.     Debt Collector's actions have damaged Ms. Coulon by causing her anxiety.

31.     Debt Collector's actions have damaged Ms. Coulon by being annoying.

32.     It has been necessary for Ms. Coulon to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Coulon v. LVNV Funding LLC and Capital One, N.A.*
Page **5** of **9**

33. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

b. Awarding actual damages;

c. Awarding costs and attorneys' fees; and

d. Any other and further relief as this Court deems just and equitable.

## Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector)

34. Ms. Coulon re-alleges paragraphs 1-15 and incorporates the same herein by reference.

35. Debt Collector violated the FCCPA. Debt Collector's violations include, but are not limited to, the following:

a. Debt Collector violated Fla. Stat. § 559.72(5) by disclosing inaccurate information to the credit reporting agencies when Debt Collector knew that the information was false upon receipt of Ms. Coulon's Dispute Letter.

b. Debt Collector violated Fla. Stat. § 559.72(7) by willfully communicating inaccurate information regarding to the alleged Debt to the credit reporting bureaus after receipt of

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Coulon v. LVNV Funding LLC and Capital One, N.A.*
Page **6** of **9**

        Ms. Coulon's Dispute Letter, which can reasonably be expected to harass Ms. Coulon.

    c. Debt Collector violated Fla. Stat. § 559.72(9) by misrepresenting alleged Debt as owed by Ms. Coulon when Debt Collector knew the alleged Debt did not even belong to Ms. Coulon in the first place.

36. As a result of the above violations of the FCCPA, Ms. Coulon has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

37. Debt Collector's actions have damaged Ms. Coulon by causing her lost opportunity to receive credit and increased cost for credit.

38. Debt Collector's actions have damaged Ms. Coulon by invading her privacy.

39. Debt Collector's actions have damaged Ms. Coulon by causing her embarrassment.

40. Debt Collector's actions have damaged Ms. Coulon by causing her stress.

41. Debt Collector's actions have damaged Ms. Coulon by causing her aggravation.

42. Debt Collector's actions have damaged Ms. Coulon by harming her reputation.

43. Debt Collector's actions have damaged Ms. Coulon by causing her emotional distress.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Coulon v. LVNV Funding LLC and Capital One, N.A.*
Page **7** of **9**

44. Debt Collector's actions have damaged Ms. Coulon by causing her to lose sleep.

45. Debt Collector's actions have damaged Ms. Coulon by causing her anxiety.

46. Debt Collector's actions have damaged Ms. Coulon by being annoying.

47. It has been necessary for Ms. Coulonto retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

48. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

  a. Awarding statutory damages as provided by Fla. Stat. § 559.77;
  b. Awarding actual damages;
  c. Awarding punitive damages;
  d. Awarding costs and attorneys' fees;
  e. Ordering an injunction preventing further wrongful contact by the Defendant; and
  f. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Ingrid Coulon, demands a trial by jury on all issues so triable.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Coulon v. LVNV Funding LLC and Capital One, N.A.*
Page **8** of **9**

Respectfully submitted this **November 26, 2019**,

          */s/ Kaelyn Steinkraus*
          Kaelyn Steinkraus, Esq.
          Florida Bar No. 125132
          kaelyn@zieglerlawoffice.com
          Law Office of Michael A. Ziegler, P.L.
          2561 Nursery Road, Suite A
          Clearwater, FL 33764
          (p)  (727) 538-4188
          (f)  (727) 362-4778
          *Counsel for Plaintiff*

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Coulon v. LVNV Funding LLC and Capital One, N.A.*
Page **9** of **9**